■ JOEL PICUS, an Infant, by His Guardian ad Litem, CLAIRE PICUS, et al., Appellants, v. JOSEPHINE BRIGLIA, Defendant. GEORGE PICUS, as Guardian ad Litem of JOEL PICUS, an Infant, Respondent.— Order, dated November 19, 1958, denying plaintiffs' application to vacate the order dated September 25, 1958, appointing respondent as guardian ad litem of the infant plaintiff, unanimously reversed, on the law and in the exercise of discretion, with $20 costs and disbursements to appellants, and the motion granted, with $10 costs. The father of the infant was appointed guardian ad litem six days after the accident on papers which failed to disclose that the injured infant resided with his mother and that the father was not then living with his wife and children; nor was there any disclosure that the father was then subject to orders of the Domestic Relations Court requiring that he support his family. Section 81 of the Domestic Relations Law has made a married woman a joint guardian of her children with equal powers, rights and duties in regard to them. Hence, there is no superior right in either parent to be appointed guardian ad litem. As in all of these

cases, the crucial query is what will be for the best interests of the child. Under the circumstances, we conclude that the best interests of the infant will be served by permitting the mother to act as guardian ad litem. Concur — Botein, P. J., Breitel, Rabin, Valente and McNally, JJ.